# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ZECKEYA PERRY
ADC #156241                                                                                      PETITIONER

VS.                    CASE NO. 5:16-CV-184-KGB-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                               RESPONDENT

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**     **Background**

In 2013, a jury in the Pulaski County Circuit Court found petitioner Zecheya Perry guilty of capital murder and aggravated robbery. (Docket entry #2, pp. 13-15) He is now serving sentences of life without the possibility of parole and 35 years, respectively. *Id*.

Mr. Perry appealed, but the Arkansas Supreme Court affirmed his conviction on October 2, 2014. *Perry v. State*, 2014 Ark. 406. The mandate issued on October 23, 2014.

On January 5, 2015, Mr. Perry filed a Rule 37 petition with the trial court.[1] (#5-5, pp. 17-26) On January 14, 2015, the trial court dismissed the petition as untimely. (5-5, pp. 30-31) Mr. Perry attempted to appeal, but his notice of appeal was untimely, so the clerk of the Arkansas Supreme Court refused to lodge the record. (#5-6, pp. 1-3) Mr. Perry filed a motion for belated appeal, but the Arkansas Supreme Court denied his motion on September 10, 2015. (#5-6, pp. 5-11)

On June 9, 2016, Mr. Perry filed the pending federal petition for writ of habeas corpus. (#2) Respondent Wendy Kelley, Director of the Arkansas Department of Correction, filed a response arguing that the petition is time-barred. (#5) Mr. Perry has replied. (#11) For the reasons explained below, the Court must recommend that Judge Baker DISMISS Mr. Perry's petition, with prejudice.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins

---

[1] Mr. Perry mailed the Rule 37 petition for filing on December 19, 2014. (#5-5, p. 27) Arkansas, however, did not follow the prison mailbox rule at that time.

to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When a petitioner has used the state appeals process, but has not sought direct review in the United States Supreme Court, the judgment is generally deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted). Mr. Perry used the state appeals process by appealing to the Arkansas Supreme Court, but did not seek certiorari in the Supreme Court of the United States.

Because Mr. Perry did not seek Supreme Court review, the one-year limitations period began to run no later than December 31, 2014, ninety days after the Arkansas Supreme Court's October 2, 2014 decision. Mr. Perry waited to file the pending petition until June 9, 2016 – more than a year after his conviction became final. Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

A.   *Statutory Tolling*

The time during which a properly filed application for State postconviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). But only a timely filing is considered "properly filed." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814, 544 U.S. 408, 417 (2005). Mr. Perry's Rule 37

petition was untimely, so it did not toll the limitations period. *Id*. Mr. Perry's appeal of the trial court's decision that his Rule 37 petition was untimely was also filed after the time to do so had expired. Mr. Perry then filed an unsuccessful motion for belated appeal. None of these filings tolled the limitations period.

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court or the date a factual predicate of a claim could have been discovered. 28 U.S.C. § 2244(d)(1)(C)-(D). Those exceptions, however, do not aid Mr. Perry's cause because he does not raise a plausible basis for either. Mr. Perry has not identified a factual predicate for his claims that was not discoverable during trial. (#2) Further, the Supreme Court recognized the constitutional rights associated with Mr. Perry's claims long ago.[2]

Based on the record, Mr. Perry is not entitled to statutory tolling. Accordingly, his petition is barred unless it can be saved by equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has been pursuing his

---

[2] Mr. Perry brings claims of ineffective assistance of counsel and a violation of the Confrontation Clause. (#2) These are well established constitutional rights. See *Strickland v. Washington*, 104 S.Ct. 2052, 466 U.S. 668 (1984); *Crawford v. Washington*, 124 S.Ct. 1354, 541 U.S. 36 (2004).

rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace*, 544 U.S. at 418). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

The record shows that Mr. Perry did not pursue his rights diligently. Although it appears that he attempted to file timely state motions, he waited almost nine months from the dismissal of his motion for leave to file a belated appeal. (#5-6, pp. 10-11) Mr. Perry filed the instant petition over a year and a half after the trial court had dismissed his Rule 37 petition as untimely. (5-5, pp. 30-31) While Mr. Perry has shown some diligence, it is not the level of diligence required to justify equitable tolling. Although Mr. Perry raises the issue of obstacles he encountered in his attempts to file state petitions and appeals, he has not identified any impediment to filing a federal petition. (#2 and #9) Accordingly, Mr. Perry is not entitled to equitable tolling.

    C.    *Actual Innocence*

The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would have found guilt beyond a reasonable doubt. *Id*. (citations omitted). Even under *McQuiggin*, however, diligence and the timing of a

petition are considered in determining whether a petitioner has made a convincing showing of actual innocence. *Id*. at 1936.

In this case, Mr. Perry has not presented an actual-innocence claim in either his petition or his reply. (#2 and #9) Accordingly, the record does not provide any basis for a finding of actual innocence.

### IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Perry has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Perry has not provided a basis for issuing a certificate of appealability.

### V. Conclusion

Mr. Perry's petition is time-barred. For that reason, the Court recommends that Judge Baker dismiss the pending petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Perry was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 25th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE